IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| PEOPLE FOR THE ETHICAL TREATMENT OF ANIMALS, INC., | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) Civil Action No. 1:15-cv-00600 |
| UNITED STATES FISH AND WILDLIFE SERVICE, ET AL., | )<br>)<br>) |
| Defendants. | )<br>) |

**MEMORANDUM OPINION**

THIS MATTER comes before the Court on Defendants' Motion to Dismiss for Lack of Jurisdiction.

Plaintiff's Complaint challenges all Endangered Species Act ("ESA") Section 10(a)(1)(A) enhancement permits issued by Defendant U.S. Fish and Wildlife Service's Division of Management Authority. Plaintiff alleges that the U.S. Fish and Wildlife Service has a policy of issuing Section 10 permits to applicants who commit to contribute funds to conservation organizations, which Plaintiff calls a "Pay-to-Play" policy. Plaintiff alleges that Defendants routinely exchange "Pay-to-Play" permits authorizing the export and import of endangered

species for minimal monetary contributions to unrelated conservation projects.

"'Federal courts are courts of limited jurisdiction,' possessing 'only that power authorized by Constitution and statute.'" Gunn v. Minton, 133 S. Ct. 1059, 1064 (2013) (quoting Kokkonen v. Guardian Life Ins. Co. of America, 511 U.S. 375, 377 (1994)). Plaintiff's claim for relief is subject to dismissal under Federal Rule of Civil Procedure 12(b)(1), which authorizes a federal court to dismiss a claim that does not fall within the court's subject matter jurisdiction.

Taking the allegations of Plaintiff's Complaint as true, Plaintiff failed to establish subject matter jurisdiction before this Court. Plaintiff is not entitled to relief because Plaintiff does not challenge agency action that is subject to judicial review.

To establish standing to challenge agency action, a plaintiff must "identify some 'agency action' that affects [the plaintiff] in the specified fashion." Lujan v. Nat'l Wildlife Fed'n, 497 U.S. 871, 882 (1990). The APA provides, "[a] person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof." 5 U.S.C. § 702.

However, not every agency activity is an "agency action"

under the APA. "Agency action" is limited to "the whole or a part of an agency rule, order, license, sanction, relief, or the equivalent or denial thereof, or failure to act." 5 U.S.C. § 551(13). "All of those categories involve circumscribed, discrete agency actions, as their definitions make clear." Norton v. S. Utah Wilderness Alliance, 542 U.S. 55, 62 (2004).

Here, Plaintiff seeks judicial review of Defendants' day-to-day operations in its ESA Section 10 permitting program. Plaintiff cites correspondence attributed to Defendants and unidentified applicants. However, Plaintiff did not identify a formal regulation, a guidance document, or even a memorandum evidencing the "Pay-to-Play" policy. It appears to the Court that Plaintiff's provided examples illustrate that the U.S. Fish and Wildlife Service considers permit applications on a case-by-case basis.

A plaintiff "cannot demand a general judicial review of the [agency's] day-to-day operations" by claiming that those operations are characterized by "failures" to abide by statutes or regulations. Lujan, 497 U.S. at 899. Instead, a Plaintiff "must direct its attack against some particular 'agency action' that causes it harm." Lujan, 497 U.S. at 891. This APA limitation is intended to "protect agencies from undue judicial interference" and "avoid judicial entanglement in abstract

policy disagreements which courts lack both expertise and information to resolve." Norton, 542 U.S. at 66.

Here, Plaintiff's challenge to the U.S. Fish and Wildlife Service's past, ongoing, and future actions in carrying out its Section 10 permitting program is the "judicial entanglement in abstract policy disagreement" that the Supreme Court has repeatedly struck down. See Norton, 542 U.S. at 66; Lujan, 497 U.S. at 891.

Plaintiff's Complaint characterizes this case as a challenge to a routine "pattern, practice, and/or policy" rather than discrete agency action. Complaint ¶ 70. Plaintiff purports to challenge all enhancement permits issued by the U.S. Fish and Wildlife Service, alleging that the Service began regularly issuing "Pay-to-Play" permits in 2011, in violation of the ESA. Plaintiff's anecdotes are insufficient. Plaintiff may not "challenge an entire program by simply identifying specific allegedly-improper final agency actions within that program." Sierra Club v. Peterson, 228 F.3d 559, 567 (5th Cir. 2000).

For the foregoing reasons, Plaintiff fails to state a plausible claim meriting standing to challenge Defendants' alleged conduct, because that conduct is carried out in the United States Fish and Wildlife Service's ordinary course of service. Therefore, Defendant's Motion to Dismiss must be granted.

An appropriate order shall issue.

/s/ Claude M. Hilton
CLAUDE M. HILTON
UNITED STATES DISTRICT JUDGE

Alexandria, Virginia
September 8, 2015